UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-4175-JFW(KSx)** | Date: June 7, 2023 |
| Title: | ESA Management, LLC, et al.-v- Louis Hollingsworth, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

On May 24, 2023, Plaintiff ESA Management ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Louis Hollingsworth ("Defendant") in Los Angeles Superior Court. On May 30, 2023, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. Although Defendant alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Accordingly, there is no federal question jurisdiction under 28 U.S.C.

Initials of Deputy Clerk   sr

§1331 presented by Plaintiff's action.  In addition, although Defendant alleges in his Notice of Removal that there is diversity jurisdiction, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.00.  In addition, Defendant has failed to allege the citizenship of any of the parties.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk   sr